**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| COMBAT ZONE CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-cv-4005-M |
| | § | |
| JOHN/JANE DOES 1–5, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Expedited Discovery [Docket Entry #5], filed by

Plaintiff Combat Zone Corp. ("Combat Zone").  For the reasons stated below, the Motion is

**GRANTED in part** and **DENIED in part**.

I.   Background

Combat Zone owns the copyright to certain adult entertainment products, including

Internet website content, videos, DVDs and photographs.  Combat Zone avers that five Doe

Defendants duplicated and distributed unauthorized copies of its motion picture, "My Hot

Stepsister #3," through the peer-to-peer file sharing protocol, BitTorrent.  BitTorrent allows

individuals to link together through the Internet to form a "swarm" of users of which each

member simultaneously uploads and downloads pieces of a file identified by a unique "hash."

Combat Zone has allegedly obtained the internet protocol ("IP") addresses assigned to

each Defendant who allegedly participated in a swarm involving its product, but claims to be

unable to further identify the Defendants without subpoenaing their internet service providers

("ISPs").  Thus, Combat Zone moves this Court to issue an order allowing it to subpoena the

ISPs[1] for the information necessary to identify the users or owners of the IP addresses in question. Specifically, Combat Zone seeks the name, address, telephone number, email address, and Media Access Control ("MAC") address of each of the Doe Defendants.

Combat Zone also requests permission to propound limited early discovery on each subscriber, once identified, to determine whether that subscriber, or some other user with access to that subscriber's Internet connection, engaged in the alleged infringement.

## II. Analysis

### A. Propriety of a Subpoena for Identifying Doe Defendants

This Motion is one of many filed nationwide by copyright holders seeking to identify and properly serve BitTorrent swarm participants.[2] Courts have weighed several factors in determining whether such early discovery is appropriate, including: (1) whether the plaintiff makes a prima facie showing of harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the necessity of the subpoenaed information to advance the claim; and (5) the user's expectation of privacy.[3]

Here, Combat Zone has made a prima facie showing of copyright infringement by alleging that it owns the copyright at issue and that Defendants made unauthorized reproductions of those works and distributed them without Combat Zone's authorization.[4] Combat Zone has also provided the copyright certificate of registration and the IP addresses associated with the

---

[1] Combat Zone identifies those ISPs as Road Runner, SBC Internet Services, and Charter Communications. (Compl. Ex. 2)

[2] *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 240 (S.D.N.Y. 2012) (citing cases).

[3] *Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm Identified by Hash B7FEC872874D0CC9B1372ECE5ED07AD7420A3BBB*, 4:12-CV-00963, 2012 WL 4387420, at *1 (S.D. Tex. Sept. 25, 2012) (citing cases).

[4] *See id.* at *2 (finding plaintiff made a prima facie showing of infringement on similar facts); *Digital Sin, Inc.*, 29 F.R.D. at 241 (same); *Hard Drive Productions, Inc. v. Does 1-59*, CIV.A. H-12-0699, 2012 WL 109611, at *1 (S.D. Tex. Mar. 30, 2012) (same).

alleged infringers.  Thus, factor one weighs in favor of allowing Combat Zone to subpoena the ISPs.

The information sought is specific.  Combat Zone has identified the five IP addresses that allegedly participated in the swarm, and seeks only the associated names, addresses, telephone numbers, email addresses, and MAC addresses.  Factor two also favors early discovery.

Combat Zone alleges that it has obtained all the information it can through informal discovery.  Indeed, the Cable Privacy Act prohibits cable operators, which includes the ISPs identified here, from disclosing subscribers' personal information without their consent or a court order.[5]  Without this Order, therefore, there does not seem to be any way for Combat Zone to identify the Defendants and, thus, to properly serve them.  Factors three and four favor early discovery as well.

Finally, the users' expectation of privacy will be protected by the Protective Order, detailed below, which will allow subscribers an opportunity to object to the information transfer before it happens.

B.  Joinder

Many courts analyzing this issue have also identified the potential impropriety of joining unknown defendants into a single action under Rule 20(a) of the Federal Rules of Civil Procedure.  The concern is that with as little identifying information as plaintiffs and courts have before them at this stage, it is difficult to conclude that the claims against the many defendants arise out of the same transaction or occurrence and that they share a common question of law or fact, both of which are required to properly join defendants in a single action.  *See* Fed. R. Civ.

---

[5] *See* 457 U.S.C. § 551(c)(2)(B).

P. 20(a)(2).  Accordingly, some courts have opted to sever all but the first defendant.[6]  Others, however, have allowed such actions to proceed against large groups of doe defendants, at least through this stage of limited discovery.[7]  Indeed, one court found that thirty-nine defendants who allegedly acted over a three month period had been properly joined.  *Patrick Collins, Inc. v. Does 1-39*, 2012 U.S. Dist. LEXIS 57187 (D. Md. Apr. 23, 2012).

The Court believes that the latter, more permissive approach is appropriate for this case, which involves just five defendants from the same swarm who allegedly acted over a period of less than nine weeks.  On these facts, the Court agrees that "the issue of joinder is better analyzed once Defendants have been identified and served."[8]  Accordingly, the Court will entertain motions to sever from any Defendant with factual and legal arguments undermining the propriety of permissive joinder in this case.

C.  Additional early discovery

"[I]n the interests of judicial economy," Combat Zone also requests permission to propound limited discovery on the Defendants, once identified, to determine if the Internet subscriber identified by the ISPs, or someone else with access to that subscriber's connection,

---

[6] *See, e.g.*, *Patrick Collins, Inc. v. John Does 1–23*, 11–CV–15231, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012); *CineTel Films, Inc. v. Does 1–1,052*, 853 F. Supp. 2d 545 (D. Md. 2012); *Hard Drive Prods., Inc. v. Does 1–30*, 2011 WL 4915551, at *4 (E.D. Va. Oct.17, 2011); *Hard Drive Productions, Inc. v. Does 1–188*, 809 F. Supp. 2d 1150, 1156 (N.D. Cal. 2011); *SBO Pictures, Inc. v. Does 1–3036*, No. 11–4220 SC, 2011 WL 6002620, at *3–5 (N.D. Cal. Nov. 30, 2011); *Digital Sin, Inc. v. Does 1–5698*, 2011 WL 5362068 (N.D. Cal. Nov. 4, 2011); *DigiProtect USA Corp. v. Does 1–240*, 2011 WL 4444666, at *24 (S.D.N.Y. Sept. 26, 2011); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 669 (S.D. Fla. 2011).

[7] *See, e.g.*, *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 240 (S.D.N.Y. 2012); *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332 (D.D.C. 2011); *K–Beech, Inc. v. Does 1–57*, 2011 WL 5597303 (M.D. Fla. Nov. 1, 2011); *MCGIP, LLC v. Does 1–18*, 2011 WL 2181620 (N.D. Cal. June 2, 2011); *Voltage Pictures, LLC v. Does 1–5,000*, 818 F. Supp. 2d 28 (D.D.C. 2011); *First Time Videos, LLC v. Does 1–76*, 276 F.R.D. 254 (N.D. Ill. 2011); *Well Go USA, Inc.* 2012 WL 4387420; *Donkeyball Movie, LLC v. Does 1–171*, 810 F.Supp.2d 20, 26–27 (D.D.C. 2011).

[8] *Well Go USA, Inc., 2012 WL 4387420*, at *4 (citing cases).

participated in the swarm.  Combat Zone has not provided any justification for this additional

departure from the discovery process envisioned in Rule 26.  Therefore, the Court **DENIES** the

request for additional discovery at this time.

D.  Protective Order

 For the reasons stated above, the Court **ORDERS** the following:

 Combat Zone may immediately serve a Rule 45 subpoena on the ISPs listed in Exhibit 2

to the Complaint [Docket Entry #1] to obtain the names, current and permanent addresses,

telephone numbers, email addresses, and MAC addresses of those individuals associated with the

IP addresses also listed in Exhibit 2.  Combat Zone must attach a copy of this Order to each

subpoena.

 Each ISP will have thirty days from the date of service of the Rule 45 subpoena to serve

the identified Doe Defendants with copies of the subpoena and this Order.  Each ISP may serve

Does 1–5 using reasonable means, including written notice sent to the Defendant's last known

address, using either first-class mail or overnight service.

 Does 1–5 shall have sixty days from the date of service of the Rule 45 subpoena and this

Order to file any motions with this Court contesting the subpoena as well as any request to

litigate this subpoena anonymously.  No ISP may turn over a Defendant's identifying

information period before the sixty-day period has lapsed.  Further, if a Defendant or ISP files a

motion to quash or modify the subpoena, the ISP may not turn over any information to Combat

Zone until this Court rules on that motion.  A Defendant or ISP who moves to quash or modify,

or to proceed anonymously, must immediately notify all ISPs so that the ISPs are on notice not to

release any of the other Defendants' identifying information until the Court rules on that motion.

 If the sixty day period expires without any motion contesting the subpoena, the ISPs will

have fourteen days to produce the subpoenaed information to Combat Zone.

Each ISP must take reasonable steps to preserve the subpoenaed information pending the resolution of any timely filed motion to quash. Any ISP may file a motion to raise any undue burden caused by this preservation obligation.

Each ISP must confer with Combat Zone. The ISPs may not assess any charge in advance of providing the information requested in the subpoena. Each ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost report to Combat Zone.

Any information ultimately disclosed to Combat Zone in response to a Rule 45 subpoena may be used by Combat Zone only for the purpose of protecting its rights as asserted in its complaint. The information disclosed is limited to use by Combat Zone in this litigation and may not be disclosed other than to counsel for the parties.

**SO ORDERED**.

October 26, 2012.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**